**In the Matter of Lee C. BUCKLEY, Respondent.**

**No. 49S00–1201–DI–39.**

Supreme Court of Indiana.

March 7, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Condi-

tional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Based on an incident on May 23, 2010, Respondent was charged with possession of marijuana and possession of paraphernalia, both class A misdemeanors. The parties do not disclose the current status of the criminal case, but for purposes of this proceeding, Respondent admits that he committed the crimes charged.

The parties cite Respondent's 1996 private administrative admonition as a fact in aggravation. The parties cite the following facts in mitigation: (1) Respondent was cooperative with the Commission; (2) Respondent contacted the Indiana Judges and Lawyers Assistance Program ("JLAP") after his arrest and has executed an interim monitoring agreement with JLAP; (3) Respondent has also participated successfully in treatment at Fairbanks Hospital and support groups such as Alcoholics Anonymous and Narcotics Anonymous; and (4) according to JLAP reports, Respondent is conscientious and committed to his recovery program and continued sobriety.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning on the date of this order, all stayed subject to completion of two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall refrain from all mind-altering substances except as prescribed, shall continue his participation in support programs, shall enter into and comply with a long-term JLAP monitoring agreement, and shall comply with the Rules of Professional Conduct.

(2) If Respondent violates his probation, the stayed suspension will be actively served with automatic reinstatement, and additional discipline may be imposed if appropriate for acts in violation of his probation.

Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID, J., who dissents, believing suspension on violation of probation should be without automatic reinstatement.